WATHNE IMPORTS, LTD., Appellant, v PRL USA, INC., et al., Respondents, et al., Defendant. [881 NYS2d 402]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered April 16, 2008, which granted so much of defendants-respondents' motion for summary judgment as sought to dismiss the causes of action for breach of the license agreement with respect to plaintiff's exclusive licenses to manufacture products under the "Collection" trademark, to produce children's backpacks and to manufacture certain plastic bags; breach of the license agreement and design services agreement by failing to provide plaintiff with designs for handbags; and breach of the implied covenant of good faith and fair dealing, and denied plaintiff's cross motion for summary judgment, unanimously modified, on the law, to deny so much of defendants' motion as sought to dismiss the cause of action for breach of the license

agreement with respect to the "Collection" trademark, and the children's backpacks, and otherwise affirmed, without costs.

The court dismissed the claim that defendants usurped plaintiff's exclusive license to manufacture products under the Collection trademark upon a finding that plaintiff had waived its rights under the license agreement. However, while there is evidence that plaintiff acquiesced in defendants' reassumption of the Collection line and relinquished its interest in that trademark, whether it did so voluntarily or against its own wishes is disputed (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006]). In light of the evidence that plaintiff objected to defendants' reassumption of the Collection line, that defendants unilaterally limited plaintiff's role to that of freight forwarder, and that only after it had been deprived of any economic benefit from the line did plaintiff divorce itself therefrom, plaintiff's alleged affirmative conduct was not so clear a manifestation of intent to waive exclusive rights as to warrant a finding of intent as a matter of law (*id.*; *Rose v Spa Realty Assoc.*, 42 NY2d 338, 343-344 [1977]; *Awards.com v Kinko's, Inc.*, 42 AD3d 178, 188 [2007], *lv dismissed* 9 NY3d 1025 [2008]). Thus, a triable issue of fact exists whether defendants breached the license agreement or plaintiff waived its exclusive rights. Nor does plaintiff's continued production of the Blue Label handbags establish as a matter of law that defendants satisfied their obligation under the license agreement to replace a discontinued trademark with one of "substantially equivalent market value."

The court also found as a matter of law that plaintiff had waived for a period of time its exclusive license with respect to the production and sale of children's backpacks. However, while there is evidence that plaintiff allowed a third party to produce certain children's backpacks for the fall 2003, spring 2004, and fall 2005 seasons, there is also evidence that supports plaintiff's claim that it agreed to forgo production on a limited quantity of expensive children's backpacks to be sold at defendants' stores because defendants represented that they were planning a one-time, limited production of backpacks that would not interfere with plaintiff's exclusive license, and that defendants deliberately lied in this regard. Thus, triable factual issues remain whether plaintiff waived its exclusive license and as to the scope of any such waiver.

With respect to plaintiff's claim of breach of the design services agreement, the court correctly found that the unambiguous language of the agreement gave defendants full discretion as to how to present plaintiff with "Design Concepts," which

encompassed the decisions not to provide detailed designs or sketches for handbags and to provide "rig rooms" rather than "spec packages," and, in the absence of any ambiguity, correctly declined to consider extrinsic evidence (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475-476 [2004]).

With respect to plaintiff's claim that defendants breached their duty of good faith and fair dealing by unreasonably restricting plaintiff's international sales, refusing to allow plaintiff to advertise its handbags, maliciously retracting approval of handbags, and restricting the sale of certain products to defendants' own retail stores, the court correctly found that the agreements provided defendants with full discretion as to these matters and that plaintiff failed to show that defendants' exercise of their discretion was arbitrary, irrational or not in good faith (*see Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]).

The court correctly found that the plastic tote bags distributed by defendants at the United States Open tennis tournament were not "Licensed Products" under the license agreement and that plaintiff failed to raise an inference that its license was violated as a result of defendants' distribution of these items.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ. [*See* 2008 NY Slip Op 31123(U).]