Judgment, Supreme Court, Bronx County (Stanley Green, J.), entered November 29, 2011, dismissing the complaint and all cross claims as against defendant Thomas E Sterry (Dr. Sterry), pursuant to an order, same court and Justice, entered on or about November 3, 2011, which granted Dr. Sterry’s motion for summary judgment, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Dr. Sterry established his entitlement to judgment as a matter of law in this action alleging medical malpractice. Dr. Sterry, a plastic surgeon, submitted evidence showing that the abdominoplasty he performed upon plaintiff Desiree Fortich was in a different surgical tissue plane from where the codefendant physicians performed the more invasive gynecological surgery and where the small bowel perforations were eventually located (see Alvarez v Prospect Hosp., 68 NY2d 320, 325-326 [1986]).
Plaintiffs failed to raise a material issue of fact to defeat the motion. The anonymous expert affirmation submitted by plaintiffs was provided by a physician who did not practice in Dr. Sterry’s field and did not demonstrate that he or she possessed sufficient knowledge or expertise to testify outside of his or her specialty (see Kaplan v Karpfen, 57 AD3d 409, 410 [1st Dept 2008], lv denied 12 NY3d 716 [2009]). The expert relied on a note by a general surgical resident who indicated that Dr. Sterry likely caused one of the small bowel perforations when he plicated the bowel during the abdominoplasty, but there was no evidence that the resident observed Dr. Sterry perform the procedure or that either the resident or the expert had personal knowledge of how Dr. Sterry performed the procedure. Such ev *611 idence was insufficient to rebut Dr. Sterry’s explanation that he performed the procedure on a different surgical plane nowhere near the location of the bowel injuries.
Plaintiffs’ informed consent claims against Dr. Sterry were properly dismissed because they did not submit proof that any potential lack of informed consent was a proximate cause of Mrs. Fortich’s injuries (see Orphan v Pilnik, 66 AD3d 543, 544 [1st Dept 2009], affd 15 NY3d 907 [2010]). Similarly, plaintiffs’ faulty communication claim was properly dismissed, as there is no evidence that Dr. Sterry gave unclear directions to the general surgical team. Moreover, even if the general surgeon did misunderstand Dr. Sterry, without more, any liability for this falls upon that surgeon, rather than upon Dr. Sterry, whose duty of care is limited to the medical functions that he undertook (see Huffman v Linkow Inst. for Advanced Implantology, Reconstructive & Aesthetic Maxillo-Facial Surgery, 35 AD3d 214, 216 [1st Dept 2006]). Concur—Gonzalez, P.J., Friedman, Moskowitz, DeGrasse and Freedman, JJ.