■ KEILANY B., an Infant, by her Mother and Natural Guardian, XIOMARA S., et al., Appellants, v CITY OF NEW YORK et al., Respondents. [997 NYS2d 372]—

Judgment, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered August 12, 2013, dismissing the complaint pursuant to an order, same court and Justice, entered July 15, 2013, which, inter alia, granted defendants' motions for summary judgment, unanimously affirmed, without costs. Appeal from the above order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

After 8-year-old Keilany B. collapsed in her schoolyard and suffered an acute ischemic stroke (AIS), plaintiffs brought this negligence and medical malpractice action regarding her care and treatment against defendants Department of Education (DOE), the New York City Health and Hospitals Corporation (Jacobi Hospital), and the City of New York (City). As to the DOE and the City, plaintiffs alleged that their delays worsened the infant plaintiff's condition. As to Jacobi Hospital, plaintiffs alleged that it delayed CT scan testing for over an hour, and failed to administer tissue plasminogen activator (TPA), a treatment using drugs to lyse (dissolve) dangerous clots in blood vessels, which departures worsened the infant's condition.

All defendants moved for summary judgment dismissing the complaint. In response to defendants' motions, plaintiffs alleged

that Jacobi failed to administer anticoagulants, specifically Heparin, a drug designed to prevent blood clots, and proffered an expert's affirmation to support this claim.

Jacobi Hospital established its prima facie entitlement to summary judgment by submitting an affirmation of a medical expert establishing that it had rendered acceptable medical care to the infant plaintiff. Its expert affirmed that TPA was untested on children and, therefore, unsafe for children with AIS (*see Scalisi v Oberlander*, 96 AD3d 106, 120 [1st Dept 2012]).

In opposition to defendants' summary judgment motions, plaintiffs failed to raise an issue of fact. The merits of plaintiffs' new theory of recovery, raised for the first time in opposition to Jacobi's motion for summary judgment, will not be considered (*see Ostrov v Rozbruch*, 91 AD3d 147, 154 [1st Dept 2012]; *Abalola v Flower Hosp.*, 44 AD3d 522 [1st Dept 2007]). In any event, the medical literature on which plaintiffs' expert relied was in agreement with the defense expert's opinion that anticoagulants and TPA were both untested and unsafe for children who had suffered a stroke. Thus, no issue of fact exists, and there is no merit to plaintiffs' request to amend the bill of particulars (*see Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364 [1st Dept 2007]). Moreover, Jacobi has demonstrated that it is prejudiced by the new theory of liability, which alleges that it departed from the standard of care by failing to administer a different class of drugs to Keilany, and which theory was not set forth until after discovery was complete and the case was on the trial calendar (*see Ostrov* at 154).

The DOE, by having staff present in the schoolyard when Keilany collapsed, one of whom caught her before she fell, and by promptly assessing her condition and contacting EMS personnel when it became apparent that the child had difficulty standing and moving her leg, demonstrated that it fulfilled its duty of "adequately supervis[ing] the students in their charge" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]).

The City is not a proper party to this action (*see Bailey v City of New York*, 55 AD3d 426 [1st Dept 2008]).

Contrary to plaintiffs' assertion, their expert's opinion that anticoagulants are the standard of care in treating acute ischemic strokes in children is not the type of novel theory that necessitates a hearing pursuant to *Frye v United States* (293 F 1013 [DC Cir 1923]; *see e.g. Marsh v Smyth*, 12 AD3d 307 [1st Dept 2004]). It was merely an opinion explaining one form of treatment, albeit one conceded by the expert's supporting literature to be untested and unsafe (*see Rowe v Fisher*, 82 AD3d 490 [1st Dept 2011]). Concur—Sweeny, J.P., Andrias, Saxe, Richter and Feinman, JJ.