■ LEOLA M. ATKINS, Individually and as Administrator of the Estate of MANFRED D. ATKINS, Deceased, Appellant, v BETH ABRAHAM HEALTH SERVICES, Respondent. [20 NYS3d 33]—

Appeal from order, Supreme Court, Bronx County (Stanley Green, J.), entered December 30, 2013, which granted defendant's motion for summary judgment dismissing the complaint, deemed appeal from judgment (CPLR 5520 [c]), same court and Justice, entered January 28, 2014, dismissing the complaint, unanimously affirmed, without costs.

In her complaint and bill of particulars, plaintiff, administrator of her husband's estate, alleged that her husband, who suffered from diabetes mellitus and was an inpatient at defendant nursing home, died because its employees negligently failed to feed him during a 12-hour period, causing him to become hypoglycemic, which resulted in his death.

Defendant established its prima facie entitlement to judgment on all causes of action through the records of treatment provided to plaintiff's decedent and the affirmation of its expert, who opined that no public health laws were violated by defendant, that feeds were appropriately administered at all times, and that decedent's blood sugar levels were consistently monitored and addressed. Noting that no autopsy had been performed and that the death certificate lists cardiac arrest as the cause of death, the expert further opined that decedent's death was not caused by and could not be attributed to any care and treatment provided or not provided by defendant.

In opposition, plaintiff submitted an affirmation of an osteopath, who did not profess that he possessed knowledge necessary to render an opinion on the issues presented involving the treatment of a geriatric patient with diabetes and other conditions (see Limmer v Rosenfeld, 92 AD3d 609 [1st Dept 2012]). Even assuming the expert were qualified, he failed to address the theories of liability raised in the complaint and bill of particulars or to rebut defendant's showing. Instead, plaintiff's expert posited a new theory—that defendant had failed to perform sufficiently frequent tests of decedent's blood sugar levels. A plaintiff cannot defeat a summary judgment motion by asserting a new theory of liability for the first time in opposition papers (see Keilany B. v City of New York, 122 AD3d 424, 425 [1st Dept 2014]; Ostrov v Rozbruch, 91 AD3d 147, 154 [1st Dept 2012]; Abalola v Flower Hosp., 44 AD3d 522, 522 [1st Dept 2007]). If considered, the new theory is speculative as to how any such failure proximately caused decedent's death and is not grounded in the record (see Foster-Sturrup v Long, 95 AD3d 726, 727-728 [1st Dept 2012]; Roques

*v Noble*, 73 AD3d 204, 207 [1st Dept 2010]). Thus, the negligence and wrongful death claims were properly dismissed.

Plaintiff also failed to raise a triable issue of fact with respect to the claims alleging Public Health Law violations, gross negligence and loss of companionship, and those claims were also properly dismissed. Concur—Gonzalez, P.J., Sweeny, Manzanet-Daniels and Kapnick, JJ.