█ MCAP Robeson Apartments Limited Partnership et al., Appellants, v MuniMae TE Bond Subsidiary, LLC, et al., Respondents. [26 NYS3d 52]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 5, 2015, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and 3211 (a) (7), unanimously affirmed, with costs.

The documentary evidence and the parties' unambiguous "commitment" agreement conclusively establish a defense to plaintiffs' claims (*see Daeun Corp. v A&L 444 LLC*, 62 AD3d 479 [1st Dept 2009]; *see also Leon v Martinez*, 84 NY2d 83, 88 [1994]). This action arises out of defendants' decision not to proceed to a closing on a refinance loan transaction with plaintiffs. The commitment agreement specified that the agreement could be terminated at defendants' discretion, with notice, if the refunding closing did not occur on or before December 31, 2006. It also provided that defendants' obligation to

purchase the refunding bonds was "expressly contingent" upon, among other things, the absence of any material adverse changes in the factors on which defendant borrower underwrote the transaction.

In an August 29, 2007 email, the investment officer of defendant's affiliate advised plaintiffs that the refunding terms delineated in the commitment agreement were being withdrawn, because the property's operating statements showed that the property could not perform as originally underwritten, and that defendants would refinance only on different terms. Plaintiffs responded to this email immediately by threatening litigation.

Contrary to plaintiffs' contention that defendants' email did not constitute notice of termination of the commitment agreement, plaintiffs' contemporaneous response demonstrates that they understood the email as notice of termination (*see Webster's Red Seal Publs. v Gilberton World-Wide Publs.*, 67 AD2d 339, 341 [1st Dept 1979] ["the most persuasive evidence of the agreed intention of the parties in those circumstances is what the parties did when the circumstances arose"], *affd* 53 NY2d 643 [1981]). Plaintiffs do not allege, except in conclusory terms, that defendants' exercise of their discretion was "arbitrary, irrational or not in good faith" (*see Wathne Imports, Ltd. v PRL USA, Inc.*, 63 AD3d 476, 478 [1st Dept 2009]). Concur—Friedman, J.P., Sweeny, Saxe and Gische, JJ.