■ Antoinette Sardina Pinkham, Respondent, v West Elm, Doing Business as Williams-Sonoma Stores, Inc., et al., Appellants. [36 NYS3d 657]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered January 15, 2016, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Defendants established entitlement to judgment as a matter of law in this action where plaintiff alleges that she was injured when she fell off an elevated display platform in defendants' store. Defendants submitted evidence demonstrating that the platform and steps leading to the platform were not dangerous conditions as a matter of law through photographic evidence showing that the steps of the platform were clearly demarcated with thick black lines which contrasted with the light color of the floorboards. The evidence also showed that the steps were well lit and free of debris (*see Langer v 116 Lexington Ave., Inc.*, 92 AD3d 597, 599 [1st Dept 2012], *lv denied* 24 NY3d 907 [2014]).

Furthermore, plaintiff testified that she turned and stepped without looking down because she was seeking a sales associate and that the steps played no part in her fall (*see Baker v Roman Catholic Church of the Holy See*, 136 AD3d 596, 597 [1st Dept 2016]; *Franchini v American Legion Post*, 107 AD3d 432 [1st Dept 2013]). Thus, defendants met their initial burden of showing that they neither created a dangerous condition at the platform and steps, nor had actual or constructive notice of such a condition (*see Rodriguez v 705-7 E. 179th St. Hous. Dev. Fund Corp.*, 79 AD3d 518, 519 [1st Dept 2010]).

In opposition, plaintiff failed to raise a triable issue. The report of plaintiff's expert relies upon the expert's theories of violation of the New Jersey Handicap Accessibility Code and

optical confusion due to the monochromatic floor covering used on the platform and steps. However, plaintiff improperly raised these issues for the first time in response to defendants' motion for summary judgment, as both her complaint and the bill of particulars fail to allege either of these theories (*see Ceron v Yeshiva Univ.*, 126 AD3d 630, 632-633 [1st Dept 2015]; *Atkins v Beth Abraham Health Servs.*, 133 AD3d 491, 492 [1st Dept 2015]). Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Kahn, JJ.