Vargas v St. Barnabas Hosp. (2019 NY Slip Op 00553)





Vargas v St. Barnabas Hosp.


2019 NY Slip Op 00553


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8219 20660/10

[*1]Rafael Vargas, Jr., as Administrator of the Estate of Gladys Vargas, deceased, Plaintiff-Respondent,
v
St. Barnabas Hospital, Defendant-Appellant, Hebrew Hospital Home, Inc., Defendant.


Garbarini & Scher, P.C., New York (William D. Buckley of counsel), for appellant.
The Flanagan Law Group, P.C., Huntington (Suzanne Flanagan of counsel), for respondent.



Order, Supreme Court, Bronx County (Stanley B. Green, J.), entered November 5, 2015, which, insofar as appealed from as limited by the briefs, denied defendant St. Barnabas Hospital's motion for summary judgment dismissing plaintiff's medical malpractice claim against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges that, due to defendant's negligence, the decedent developed a severe sacral decubitus ulcer (bedsore or pressure ulcer) while under defendant's care.
Summary judgment was warranted because the affirmation of defendant's expert was sufficient to establish prima facie the absence of proximate cause, and plaintiff's expert's affirmation was insufficient to raise any issues of fact (see generally Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]).
Defendant's expert opined that the ulcer was unavoidable due to the decedent's underlying comorbidities, prior development of an ulcer at the same site, and the necessity of maintaining a head-of-bed elevation of greater than 30 degrees to avoid ventilator-related pneumonia or aspiration.
Contrary to plaintiff's claim, this is not the type of "novel theory" that necessitates a Frye hearing (see Keilany B. v City of New York, 122 AD3d 424, 425 [1st Dept 2014]; Sadek v Wesley, 117 AD3d 193, 200-201 [1st Dept 2014], affd 27 NY3d 982 [2016]). Even if it were, defendant's expert established that his theory was based on "generally accepted scientific principles and methodology" (see Sadek, 117 AD3d at 201; see also Craig v St. Barnabas Nursing Home, 129 AD3d 643, 644 [1st Dept 2015] [finding skin ulcer to be "unavoidable"]; 10 NYCRR 415.12[c][1] [medical facilities must ensure that pressure ulcers or sores do not develop "unless the individual's clinical condition demonstrates that they were unavoidable"]; 42 CFR 483.25[b][1][i] [same]).
In opposition, plaintiff submitted a conclusory affirmation, which misstated the record, mischaracterized the decedent as "relatively healthy," and minimized the significance of her many comorbidities (see Craig, 129 AD3d at 644). The expert also failed to address defendant's expert's assertions regarding the necessity of maintaining head-of-bed elevation of greater than 30 degrees, conflated the distinct concepts of ability to heal and avoidability, and improperly raised a new theory of liability (inadequate discharge planning) that had not been set forth in the complaint or bills of particulars (see Abalola v Flower Hosp., 44 AD3d 522, 522 [1st Dept [*2]2007]). Moreover, the expert failed to establish that he possessed the appropriate qualifications to opine on the formation of pressure ulcers (see Craig, 129 AD3d at 644; Fortich v Ky-Miyasaka, 102 AD3d 610, 610 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK