Matter of Schleifer v Yellen (2019 NY Slip Op 05202)





Matter of Schleifer v Yellen


2019 NY Slip Op 05202


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Sweeny, J.P., Renwick, Webber, Oing, JJ.


9752 3599/10A

[*1]In re Natalie Schleifer, etc., et al., Petitioners-Respondents,
v
Richard L. Yellen, et al., Respondents, 338-342 East 110 LLC, et al., Respondents-Appellants.


Morrison Cohen LLP, New York (Mary E. Flynn of counsel), for appellants.
Loeb & Loeb LLP, New York (Wook Hwang of counsel), for respondents.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about November 7, 2018, which, upon petitioners' motion, dismissed respondents 338-342 East 110 LLC, 333-339 East 109 LLC, Douglaston Realty Associates, and David Marx's (the Marx Group) counterclaim, unanimously affirmed, without costs.
The Surrogate correctly concluded that, under the terms of the settlement agreement, the Marx Group's obligation to make the Fourth Payment by March 28, 2015, preceded petitioners' obligation to deliver a quitclaim deed (see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 690-691 [1995]). Although it is undisputed that the Marx Group required the deed in order to make the payment, petitioners did not breach the settlement agreement by failing to attend a closing and provide the deed before the Fourth Payment was timely made (see id. at 691).
The Marx Group contends that the court improperly made factual findings on this motion for summary judgment, rather than draw all reasonable inferences in its favor. However, the settlement agreement conclusively establishes a defense to the counterclaim as a matter of law (see MCAP Robeson Apts. L.P. v MuniMae TE Bond Subsidiary, LLC, 136 AD3d 602 [1st Dept 2016]).
The Marx Group asserts that, if petitioners had complied with the settlement agreement and placed the executed deed into escrow, the closing would not been aborted, because the escrow agent would have delivered the deed simultaneously with receipt of the Fourth Payment. However, the escrow agent was bound by the terms of the settlement agreement and therefore could not deliver the deed until the Fourth Payment was made.
The Marx Group contends that petitioners violated section 8(A) of the settlement agreement, which required them to act cooperatively to effectuate the transfer of title of the Douglaston property, including providing a seller's affidavit and completed "ACRIS" form, which was required by New York State. However, section 8(A) provides that the parties will use their "best efforts"; this clause is unenforceable, because no objective criteria are stated by which to measure a party's performance (see Digital Broadcast Corp. v Ladenburg, Thalmann & Co., Inc., 63 AD3d 647 [1st Dept 2009], lv dismissed 14 NY3d 737 [2010]). Moreover, the requirement that petitioners provide the documents necessary to effectuate the purposes of the agreement did not require petitioners to provide the deed in advance of payment, because doing [*2]so would violate section 1(D)(2)(B), an express term of the agreement.
We have considered the Marx Group's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK