Porto v Golden Seahorse LLC (2019 NY Slip Op 08496)





Porto v Golden Seahorse LLC


2019 NY Slip Op 08496


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Richter, J.P., Manzanet-Daniels, Gische, Webber, Kern, JJ.


10411 162585/15

[*1] Esther Consuelo Porto, Plaintiff-Appellant,
v
Golden Seahorse LLC, et al., Defendants-Respondents.


Greenberg Law P.C., New York (Jennifer A. Shafer of counsel), for appellant.
RAS Associates, PLLC, Purchase (Paul E. Carney of counsel), for Golden Seahorse LLC, respondent.
Litchfield Cavo LLP, New York (Patricia A. Carbone of counsel), for Amazon Restaurant and Bar, respondent.



Order, Supreme Court, New York County, (Kathryn E. Freed, J.), entered January 4, 2019, which, to the extent appealed from as limited by the briefs, granted defendants Golden Seahorse LLC's (Golden) and Amazon Restaurant & Bar, Inc.'s (Amazon) respective motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Golden and Amazon established entitlement to judgment as a matter of law in this action where plaintiff alleges that she was injured when she fell down a stairway on the premises owned by Golden and operated by Amazon. Golden and Amazon submitted an expert engineer report that the stairway, which was part of a premises renovation in 1987, was properly maintained in a safe condition and violated no enforceable New York City Building Code requirements. In particular, the report concludes that under the applicable 1968 Building Code, the access stairway did not require handrails (see Cusumano v City of New York, 15 NY3d 319 [2010]) and the measured lighting was adequate and that no structural modification was required after the original certificate of occupancy was issued. In addition Golden and Amazon submitted a surveillance video which showed that plaintiff's head was turned away from the stairway just prior to her fall, and established that her inattentiveness was a proximate cause of her fall (see Pinkham v West Elm, 142 AD3d 477, 477 [1st Dept 2016] lv denied 28 NY3d 909 [2016]; Baker v Roman Catholic Church of the Holy See, 136 AD3d 596, 597 [1st Dept 2016]).
In opposition, plaintiff failed to raise an issue of fact. Plaintiff's expert's opinion was insufficient to raise any issue that the stairway was dangerous or defective. He acknowledges that the 1987 certificate of occupancy was issued when the premises were renovated. Nonetheless, the expert relies on inapplicable 2008 Building Code sections violations. No legal or factual basis exists in the record to retroactively apply the 2008 Building Code to this stairway. The expert did not measure the lighting, he only made an "estimate" based on personal observation. Although the 1968 Building Code requirement for handrails is referenced, it is well established that the cited requirement only applies to internal stairs that serve as a required exit, but not to the access stairs which were involved in this accident (Cusumano, supra; [*2]Pwangsunthie v Marco Realty, 136 AD3d 502 [1st Dept 2016]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK