**2512 7th Ave. Hous. Dev. Fund Co., Inc. v Webb & Brooker, Inc.**

2024 NY Slip Op 30579(U)

February 22, 2024

Supreme Court, New York County

Docket Number: Index No. 652216/2022

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    <u>HON. LOUIS L. NOCK</u>     PART           38M

*Justice*

------------------------------------------------------------------------------X

2512 7TH AVENUE HOUSING DEVELOPMENT FUND
COMPANY, INC.,

                   Plaintiff,

- v -

WEBB AND BROOKER, INC.,

                   Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652216/2022 |
| MOTION DATE | 06/29/2022 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, and 73

were read on this motion to                 DISMISS           .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, the motion is granted in part and denied in part, in accordance with the following memorandum decision.

In this action for breach of contract and breach of fiduciary duty, plaintiff, owner of the building located at 2512 7th Avenue, New York, New York, entered into a management agreement with defendant to act as Managing Agent for the building. As relevant to the action, the agreement was in effect from September 1, 2021, through September 1, 2022 (agreement, NYSCEF Doc. No. 48, ¶ 27). Either party could indicate a desire not to renew the agreement on 60 days' written notice (*id.*, ¶ 27[a]), or both parties could mutually agree in writing to terminate the agreement (*id.*, ¶ 27[b]). It is the second provision that drives the dispute in this matter.

On November 17, 2021, defendant's Vice President, Dimitri Naylor, informed plaintiff that due to "arrears and aging of the property," it would be resigning as Managing Agent as of February 28, 2022, unless plaintiff was able to refinance the building (letter dated November 17,

**652216/2022 2512 7TH AVENUE HOUSING DEVELOPMENT FUND COMPANY, INC. vs. WEBB AND BROOKER, INC.**
**Motion No. 002**

**Page 1 of 5**

2021, NYSCEF Doc. No. 53). On January 20, 2022, plaintiff's executive director, Mujib Mannan, responded to defendant, asking if defendant would "stay on until 15 April 2022 in a management capacity until [plaintiff was] able to get the new [Managing Agent] in place?" (letter dated January 20, 2022, NYSCEF Doc. No. 54). On March 1, 2022, Naylor emailed Mannan and reminded him that the management agreement would terminate as of the end of April 2022 (email dated March 1, 2022 to Mannan, NYSCEF Doc. No. 55). That same day, Mannan wrote back, simply saying "Thank you" (email dated March 1, 2022 to Naylor, NYSCEF Doc. No. 55). On March 31, 2022, Mannan asked Naylor for additional time (letter dated March 31, 2022, NYSCEF Doc. No. 56). Naylor responded by email that defendant was unable to accommodate such an extension (email dated March 31, 2022, NYSCEF Doc. No. 57). Subsequently, Mannan advised defendant that plaintiff did not consider the agreement terminated and expected defendant to remain through the end of the term, which position defendant contested (NYSCEF Doc. Nos. 67-68).

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). "[The court] accept[s] the facts as alleged in the complaint as true, accord[ing] plaintiff the benefit of every possible favorable inference, and determin[ing] only whether the facts as alleged fit within any cognizable legal theory" (*id*. at 87-88). Ambiguous allegations must be resolved in plaintiff's favor *(JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 West 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002] [internal citations omitted]). "[W]here ... the allegations consist of bare legal conclusions, as well as factual claims either inherently incredible or flatly

**652216/2022   2512 7TH AVENUE HOUSING DEVELOPMENT FUND COMPANY, INC. vs. WEBB      Page 2 of 5
AND BROOKER, INC.
Motion No.  002**

[* 2]

2 of 5

contradicted by documentary evidence, they are not entitled to such consideration" (*Ullmann v Norma Kamali, Inc.*, 207 AD2d 691, 692 [1st Dept 1994]).

"When, as here, a defendant moves for dismissal of a cause of action under CPLR 3211(a)(1), their documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc.*, 37 NY3d 169, 175 [2021] [internal quotation marks and citation omitted]). "To be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (*Bath & Twenty, LLC v Federal Sav. Bank*, 198 AD3d 855 [2d Dept 2021] ).

Here, plaintiff has adequately alleged that defendant anticipatorily breached the management agreement by attempting to terminate it before the end of the term. "An anticipatory breach of a contract—also known as an anticipatory repudiation—can be either a statement by the obligor to the obligee indicating that the obligor will commit a breach that would of itself give the obligee a claim for damages for total breach or a voluntary affirmative act which renders the obligor unable or apparently unable to perform without such a breach" (*Princes Point LLC v Muss Dev. L.L.C.*, 30 NY3d 127, 133 [2017] [internal quotation marks and citation omitted]). "For an anticipatory repudiation to be deemed to have occurred, the expression of intent not to perform by the repudiator must be positive and unequivocal" (*id.* [internal quotation marks and citation omitted]). "[T]he party harmed by the repudiation must make a choice either to pursue damages for the breach or to proceed as if the contract is valid" (*id.*). Plaintiff alleges that it attempted to continue to get defendant to perform its obligations as Managing Agent for the rest of the term of the agreement, but defendant nevertheless terminated the agreement early unilaterally. Where a party elects that path, it could "wait to see if [the

**652216/2022   2512 7TH AVENUE HOUSING DEVELOPMENT FUND COMPANY, INC. vs. WEBB AND BROOKER, INC.**
**Motion No.  002**

**Page 3 of 5**

3 of 5

repudiating party] would perform when required by the terms of the agreement and, if it did not do so, then bring suit on the subsequent breach (*AG Properties of Kingston, LLC v Besicorp-Empire Dev. Co., LLC*, 14 AD3d 971, 973 [3d Dept 2005]).  Defendant's evidence that the parties mutually agreed to terminate the agreement, namely, the above cited correspondence between the parties, does not conclusively establish a defense to plaintiff's claims.  Accordingly, the motion must be denied in this respect (*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP*, 37 NY3d at 175).  Defendant's reliance on *MCAP Robeson Apartments Ltd. Partnership v Munimae TE Bond Subsidiary, LLC* (136 AD3d 602, 603 [1st Dept 2016]) to the contrary is unavailing because, in that case, the non-repudiating party immediately threatened suit upon the repudiation.

The motion is granted, however, with respect to the claims for breach of fiduciary duty and under the faithless servant doctrine.  As a general matter, claims are dismissible where they arise from the same facts and seek the same damages (*e.g. Ullmann-Schneider v Lacher & Lovell-Taylor, P.C.*, 121 AD3d 415, 416 [1st Dept 2014]; *Soni v Pryor*, 102 AD3d 856, 858 [2d Dept 2013]).  Where a claim for a breach of fiduciary duty arises from the same factual premise as a claim for breach of contract, it is impermissibly duplicative (*Village of Kiryas Joel v County of Orange*, 144 AD3d 895, 898 [2d Dept 2016]).  Here, all three claims arise from the same facts, namely, the alleged impermissible early termination of the agreement between the parties.  While Mannan submits an affidavit alleging other misconduct by defendant, those allegations are not set forth in the complaint.

Accordingly, it is hereby

ORDERED that the motion to dismiss is granted to the extent that the second and third causes of action of the complaint are dismissed; and it is further

**652216/2022   2512 7TH AVENUE HOUSING DEVELOPMENT FUND COMPANY, INC. vs. WEBB AND BROOKER, INC.**
**Motion No.  002**

**Page 4 of 5**

ORDERED that defendant is directed to serve an answer to the complaint within 20 days

after the date of filing hereof; and it is further

ORDERED that counsel are directed to appear for a preliminary conference in Room 1166,

111 Centre Street, New York, New York, on March 27, 2024, at 2:15 PM.

This constitutes the decision and order of the court.

_Louis L. Nock_

| 2/22/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LOUIS L. NOCK, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**652216/2022  2512 7TH AVENUE HOUSING DEVELOPMENT FUND COMPANY, INC. vs. WEBB AND BROOKER, INC.**
**Motion No.  002**

**Page 5 of 5**

5 of 5