2512 7th Ave. Hous. Dev. Fund Co., Inc. v Webb & Brooker Inc. (2025 NY Slip Op 02711)

2512 7th Ave. Hous. Dev. Fund Co., Inc. v Webb & Brooker Inc.

2025 NY Slip Op 02711

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Moulton, González, Pitt-Burke, Higgitt, JJ. 

Index No. 652216/22|Appeal No. 4299|Case No. 2024-01851|

[*1]2512 7th Avenue Housing Development Fund Company, Inc., Plaintiff-Respondent,
v
Webb & Brooker Inc., Defendant-Appellant.

Furman Kornfeld & Brennan LLP, New York (Christopher D. Skoczen of counsel), for appellant.
Reid Rodriguez & Rouse, LLP, New York (Gregory LaMonte Reid of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about February 27, 2024, which, to the extent appealed from, denied defendant's motion to dismiss the anticipatory breach of contract claim pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, without costs.
The court correctly denied defendant's motion to dismiss plaintiff's claim for anticipatory breach of the parties' management agreement, as the claim adequately pleaded an "express and absolute refusal to perform," which is not utterly refuted by the parties' correspondence (Audthan LLC v Nick & Duke, LLC, 42 NY3d 292, 303 [2024] [internal quotation marks omitted]). Although defendant argues that there can be no anticipatory breach because it continued performing under the agreement — before it ultimately stopped performing— this mirrors the argument recently rejected by the Court of Appeals in Audthan (id.). Defendant's November 17, 2021 request to terminate the agreement while continuing to perform was "different in kind" from its eventual, unqualified refusal to perform on March 31, 2022, which reflected a "material breach that escalated, for the first time, to an unequivocal repudiation" (id. at 304 [internal quotation marks omitted]).
Defendant's reliance on MCAP Robeson Apts. L.P. v MuniMae TE Bond Subsidiary, LLC (136 AD3d 602 [1st Dept 2016]) is unavailing, because the agreement at issue in that case specified that it could be terminated at the defendants' discretion (id. at 602). Here, the parties' correspondence does not reflect a meeting of the minds that would constitute mutual consent to termination under paragraph 27(b) of the parties' agreement (see e.g. Silber v New York Life Ins. Co., 92 AD3d 436, 439 [1st Dept 2012]). Neither plaintiff's January 20, 2022 request that defendant "stay on" until April 15, 2022 nor its March 1, 2022 email replying "Thank you" to defendant's email "reminder" that it had requested termination, is sufficient to establish mutual written consent to termination under paragraph 27(b) (see id. at 440).
Defendant's reliance on promissory estoppel fares no better, as it fails to identify any "clear and unambiguous" promise by plaintiff (see e.g. Condor Funding, LLC v 176 Broadway Owners Corp., 147 AD3d 409, 411 [1st Dept 2017]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025