Freeland v Chemtob
2026 NY Slip Op 03230
May 21, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

James Freeland, Plaintiff-Respondent,
v
Nancy Chemtob, Defendant-Appellant.

Decided and Entered: May 21, 2026
Index No. 160094/21|Appeal No. 6675|Case No. 2025-03135|
Before: Kennedy, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ.

Davidoff Hutcher & Citron LLP, New York (Gary I. Lerner of counsel), for appellant.
Blank Rome LLP, New York (Gregory P. Cronin of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about April 14, 2025, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the complaint and for summary judgment on her second counterclaim for return of her security deposit and her third counterclaim to the extent it seeks attorneys' fees, and granted plaintiff's cross-motion for summary judgment on all of the causes of action in the complaint and dismissing all of defendant's counterclaims to the extent of dismissing the first and second counterclaims and awarding plaintiff $26,709.66 on plaintiff's claim for holdover damages, $8,136.55 on the claim for electricity charges, and attorneys' fees in an amount to be determined at trial, unanimously modified, on the law, to vacate the determination that plaintiff is the prevailing party for purposes of awarding attorneys' fees, and otherwise affirmed, without costs.
Supreme Court properly found that plaintiff provided defendant with sufficient notice of his intent not to renew defendant's tenancy pursuant to Real Property Law § 226-c and the terms of the lease, and thus properly granted him summary judgment on the claim for breach of the lease based on failure to pay holdover use and occupancy. While Real Property Law § 226-c requires "written notice" in the event a landlord does not renew a lease, it does not direct the form written notice must take, only the time frame within which it must be given. Here, plaintiff timely provided more than the 90 days' notice required by email, a permissible method of service under the lease. Moreover, defendant confirmed her understanding of the notice, disproving her argument that it was ambiguous (see MCAP Robeson Apts. L.P. v MuniMae TE Bond Subsidiary, LLC, 136 AD3d 602, 603 [1st Dept 2016]).
Supreme Court also properly granted plaintiff summary judgment on plaintiff's claim for electricity charges. "[G]iving a practical interpretation to the language employed and the parties' reasonable expectations," defendant was liable under the lease for electrical charges (Goldman Sachs Group. Inc. v Almah LLC, 85 AD3d 424, 427 [1st Dept 2011], lv dismissed 18 NY3d 877 [2012] [internal quotation marks omitted]). While plaintiff demanded payment a few days after the time frame required by the lease, he explained this as having been due to circumstances outside of his control. Further, irregularities in seeking payment of the electricity charges did not rise to the level of a material breach, nor did anything in the lease suggest that the parties expected that the charges would be waived absent strict compliance.
[*2]
Plaintiff lawfully retained the security deposit for "the non-payment of rent" and "the non-payment of utility charges" (General Obligations Law § 7-108[1-a][b]). Defendant's argument that she was entitled to a partial refund of the deposit to align with the reduction in monthly rent in her final lease term was improperly raised for the first time in her motion for summary judgment, and the court properly declined to consider it (see Keilany B. v City of New York, 122 AD3d 424, 425 [1st Dept 2014]).
Supreme Court properly dismissed defendant's counterclaim based on plaintiff's harassment. Plaintiff made a prima facie showing that he did not harass defendant in the manner contemplated by Housing Maintenance Code (Administrative Code of City of NY) § 27-2004(a)(48), which prohibits a landlord from "making express or implied threats that force will be usedagainst" a lawful occupant and from knowingly providing "false or misleading information relating to the [unit's] occupancy" in order to cause such an occupant to vacate or "surrender or waive any rights in relation to such occupancy" (Administrative Code §§ 27-2004[a][48][ii][a], [a-1]). The letters plaintiff sent to defendant amounted to efforts to enforce plaintiff's rights under the lease, not attempts to intimidate defendant into vacating (see e.g. Berg v Chelsea Hotel Owner, LLC, 203 AD3d 484, 485 [1st Dept 2022]).
Finally, in awarding plaintiff summary judgment on his claim for attorneys' fees, the court, which still needs to adjudicate the issue of plaintiff's entitlement to damages for alleged damage to the property, prematurely found plaintiff to be a prevailing party, as "a determination of prevailing party status must await the final resolution of the action" (Andreas v 186 Tenants Corp., 208 AD3d 406, 408 [1st Dept 2022]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 21, 2026